UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS E. MORALES,<br>Plaintiff,<br>v.<br>UNITED STATES POSTAL SERVICE,<br>Defendant. | Case No. 2:26-cv-00489-DJC-CSK (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br>(ECF No. 3) |

Pending before the Court is Defendant United States Postal Service's ("USPS") motion to dismiss Plaintiff Luis E. Morales's Complaint (ECF No. 1 at 7-39).[1] Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court recommends GRANTING the motion to dismiss and dismissing this action without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

# I. BACKGROUND

## A. Factual Allegations[2]

Plaintiff entered into a highway transportation services contract with USPS beginning in June 2008 for a four-year term, which was renewed for three successive four-year terms and most recently renewed in July 2022. Notice of Removal, Exh. A, Compl. at 11 (ECF No. 1).[3] Plaintiff alleges USPS breached the parties' contract by unilaterally adjusting Plaintiff's rate in July 2023. *Id.* Upon attempting to negotiate with USPS, Plaintiff received a letter terminating the contract on January 6, 2024. *Id.* Plaintiff seeks compensatory damages for lost contract revenue through the original July 2026 contract termination date. *Id.*

## B. Procedural Posture

Plaintiff initiated this action in Sacramento County Superior Court on December 9, 2025. *Id.* at 7. Defendant was served on January 22, 2026. Notice of Removal at 1 (ECF No. 1). On February 18, 2026, Defendant removed this action to federal court pursuant to 42 U.S.C. § 1442(a)(1). *See generally id.*

On March 19, 2026, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Def. Mot. (ECF No. 3). Plaintiff failed to timely respond pursuant to Local Rule 230(c); however, the Court provided Plaintiff one additional opportunity to file an opposition or statement of non-opposition. 4/24/2026 Order (ECF No. 5). Plaintiff then filed an opposition by the Court's revised deadline on May 8, 2026. Pl. Opp'n (ECF No. 6). Defendant replied on May 18, 2026. Def. Reply (ECF No. 7).

/ / /

/ / /

/ / /

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] The Court refers to the ECF pagination when citing the Complaint.

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

### B. Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858

F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

### C. Derivative Jurisdiction Doctrine

Under the doctrine of derivative jurisdiction, where cases are "removed from state court pursuant to [28 U.S.C.] § 1442," the Court's "jurisdiction is derivative of the state court's jurisdiction." *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). "[T]he long-standing derivative jurisdiction doctrine provides that if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction on removal." *Rodriguez v. United States*, 788 F. App'x 535, 536 (9th Cir. 2019). "Accordingly, if the state court lacked jurisdiction, 'the proper remedy is to dismiss the case for lack of jurisdiction, not to remand the action to state court.'" *Boules v. United States*, 2024 WL 2699811, at *3 (C.D. Cal. Apr. 9, 2024) (quoting *Kim v. Queens Med. Ctr.*, 2019 WL 11544491, at *4 (D. Haw. Dec. 27, 2019), *report and recommendation adopted*, 2020 WL 1044004 (D. Haw. Mar. 4, 2020)).

Although Congress amended 28 U.S.C. § 1441 so that the derivative jurisdiction doctrine does not apply to removals under that section, "the derivative jurisdiction doctrine is alive and well and applies to 28 U.S.C. § 1442 removals." *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008); *Rodriguez*, 788 F. App'x at 536.

## III. DISCUSSION

Defendant moves to dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction on the ground that Plaintiff's claim for breach of contract is governed

by the Contract Disputes Act of 1978, 41 U.S.C. §§ 7101-7109, which deprives federal district courts (and state courts) of jurisdiction over disputes relating to government procurement contracts. Def. Mot. at 3-4.

**A. The Contracts Dispute Act of 1978**

The Contracts Dispute Act of 1978 ("CDA") "serves two related functions. First, it establishes an administrative system for disputes relating to federal procurement contracts: Federal contractors can submit written claims to agency contracting officers, receive written decisions regarding their claims within a specified timeframe, and administratively appeal adverse decisions." *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1022 (9th Cir. 2023). "Second, [the CDA] waives sovereign immunity over actions 'arising under' that administrative system and vests exclusive jurisdiction over such claims in only two venues: (1) the Court of Federal Claims . . . and (2) agency boards of contract appeals." *Id.*; 41 U.S.C. §§ 7104, 7105; 39 C.F.R. § 601.109 (implementing CDA as to USPS). "[A] claim falls within the scope of the CDA's exclusive grant of jurisdiction if (1) the plaintiff's action relates to (2) a procurement contract (3) to which the plaintiff was a party." *United Aeronautical Corp.*, 80 F.4th at 1023 (internal quotation marks omitted).

Here, Plaintiff's claim falls within the scope of claims under the CDA that are subject to exclusive jurisdiction before either the Court of Federal Claims or agency boards. First, Plaintiff asserts a claim for breach of contract, which clearly "relates to" a contract. Specifically, Plaintiff alleges Defendant USPS breached a transportation services contract by lowering Plaintiff's rates without cause and by cancelling the contract in response to Plaintiff's complaints. *See* Compl. at 10, 11. Plaintiff attaches what appears to be the renewal agreement to the transportation services contract at issue, renewed for a term beginning July 1, 2022 and ending June 30, 2026. *Id.* at 21-23. Defendant likewise attaches the terms of this contract to its motion to dismiss. *See* Declaration of Raphette Alston, Exh. A (ECF No. 3-2). Second, the contract is for procurement of services pursuant to the CDA. *See* 41 U.S.C. § 7102(a)(2). The terms of

the transportation services contract also expressly provide that it is governed by the CDA. Alston Decl., Exh. A at 21.[4] Third, Plaintiff is a party to the contract, as is USPS, a federal agency. *See* Compl. at 21; Alston Decl., Exh. A at 3. Thus, Plaintiff's claim is a claim under the CDA with exclusive subject matter jurisdiction in the Court of Federal Claims or in agency boards. Plaintiff's opposition fails to dispute this conclusion; rather, it appears to concede that he is bringing a claim for breach of a procurement contract against Defendant. *See* Pl. Opp'n.

Thus, because both this Court and the state court from which this action was removed lack subject matter jurisdiction over Plaintiff's contract claim against Defendant, this action must be dismissed for lack of subject matter jurisdiction under the derivative jurisdiction doctrine. *See Webb v. United States Postal Serv.*, 2016 WL 6094415 (E.D. Cal. Oct. 18, 2016) (dismissing contract claim against USPS for lack of subject matter jurisdiction under the CDA); *Boules*, 2024 WL 2699811, at *4 (C.D. Cal. Apr. 9, 2024) (dismissing removed action under derivative jurisdiction doctrine rather than remanding to state court). Accordingly, the Court recommends the Complaint be dismissed without prejudice to re-filing before an appropriate tribunal.

**B. Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

In light of the Court's lack of subject matter jurisdiction, granting leave to amend

[4] The Court refers to the ECF pagination when citing to Exhibit A of the Alston Declaration.

would be futile. The Complaint should therefore be dismissed without leave to amend.

**IV. CONCLUSION**

Based upon the findings above, it is RECOMMENDED:

1. Defendant's motion to dismiss (ECF No. 3) be GRANTED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without prejudice and without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, mora.0489.26